UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MOTION OF UNIVERSAL CONNECTIVITY TECHNOLOGIES INC. | Case No. 25-mc-80107-SVK<br><br>**ORDER FOR VIA LABS, INC. TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT; SETTING HEARING**<br><br>Re: Dkt. No. 1 |

Petitioner Universal Connectivity Technologies, Inc. ("UCT") initiated this miscellaneous action by filing a motion seeking issuance of an order to show cause why non-party VIA Labs, Inc. ("VIA") should not be held in civil contempt in order to compel production in compliance with a subpoena *duces tecum* that UCT has served on VIA or in the alternative to transfer the Motion to the Eastern District of Texas (the "Motion"). Dkt. 1. Having considered the Motion, its supporting materials and the relevant law, the Court **GRANTS** UCT's application for an order to show cause and **DENIES** UCT's request to transfer the Motion to the Eastern District of Texas.

"The recipient of a Rule 45 subpoena has several options: he or she may elect to comply with the subpoena, move to quash the subpoena based on undue cost or burden, object to the subpoena's form, or challenge the subpoena pursuant to the procedures set forth in Rule 45." *DeLorme v. Big Think Cap., Inc.*, No. 23-mc-00037-FLA-MAR, 2023 WL 8125766, at *2 (C.D. Cal. Oct. 18, 2023) (citing Fed. R. Civ. P. 45(d), (e)). Failure to respond in any form, however, is not an option. Rule 45(g) provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Accordingly, although a "proponent may first try to negotiate compliance, as by offering to meet and confer," if the non-responsiveness continues, they must ultimately "file an application for an order to show cause why a contempt citation should not issue." *GREE, Inc. v. Supercell Oy*,

No. 21-mc-80069-TSH, 2021 WL 1222487, at *2 (N.D. Cal. Apr. 1, 2021).

Here, UCT served a subpoena on non-party VIA with requests for documents and source code regarding VIA components that are allegedly included in products in the underlying patent infringement litigation. *See* Dkt. 1 at 1-2; Dkt. 1-1, ¶¶ 3, 8; Dkt. 1-3. As detailed by UCT, its attempts to contact VIA have gone unanswered, and VIA never responded to the subpoena. Dkt. 1 at 1-2. Thus, an order to show cause is appropriate. *See, e.g.*, *DeLorme*, 2023 WL 8125766, at *2; *GREE*, 2021 WL 1222487, at *2; *Delis v. Sionix Corp.*, No. SACV 131547-AG-RNBX, 2014 WL 12603094, at *1 (C.D. Cal. Sept. 30, 2014); *Echostar Satellite L.L.C. v. Viewtech, Inc.*, No. 09-mc-00052-SMS, 2010 WL 653186, at *1 (E.D. Cal. Feb. 22, 2010).

Accordingly, this Court **ORDERS** as follows:

- UCT shall serve the Motion and this Order on Via and file proof of service **no later than May 22, 2025**.
- Via shall file a response, not to exceed 10 pages, showing cause why it should not be held in contempt for its failure to respond to UCT's subpoena, **no later than June 3, 2025.**
- UCT and Via shall appear for a video hearing on **June 10, 2025** at **10:00am**.
- If the Parties meet and confer and move towards a negotiated resolution, they may jointly request a modest continuance of the hearing date **no later than 12 p.m. on June 9, 2025**.

**SO ORDERED.**

Dated: May 21, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

2